Brian J. Lawler SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, California 92101
Telephone: (619) 255-2398
Facsimile: (619) 231-4984
*blawler@pilotlawcorp.com*

Stephen Matcha SBN 249176
**MATCHA LAW**
13223 Black Mountain Road, #233
San Diego, CA 92129-2699
Telephone: (619) 565-3865
*steve@matchalaw.com*

*Attorneys for JOSEPH TARASZKA*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH TARASZKA, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SELECT REHABILITATION, LLC, a California Limited Liability Company,<br><br>　　　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) VIOLATIONS OF 38 U.S.C. §4301 ET SEQ.;**<br><br>**(2) VIOLATIONS OF CALIFORNIA MILITARY & VETERANS CODE §394;**<br><br>**(3) VIOLATIONS OF CALIFORNIA LABOR CODE §§ 204, 1194.2;**<br><br>**(4) VIOLATIONS OF CALIFORNIA LABOR CODE §§ 201, ET SEQ.**<br><br>**FILING FEE WAIVED PER 38 U.S.C. §4323(h)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JOSEPH TARASZKA hereby complains against Defendant SELECT REHABILITATION, LLC, a California Limited Liability Company, as follows:

## PARTIES AND JURISDICTION

1. This Complaint is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq*. ("USERRA"), California Military & Veterans Code §§ 394-395 ("MVC"), and the California Labor Code. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

2. As to Plaintiff's claims under California law, jurisdiction is conferred to this Court by 28 U.S.C. §1367(a).

3. Pursuant to 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

4. At all times herein mentioned, Plaintiff JOSEPH TARASZKA ("Plaintiff") is a citizen of the United States and was a resident of the County of Los Angeles within the State of California. The underlying incident herein occurred in the City of Hawthorne, County of Los Angeles, State of California. Plaintiff was employed by Defendant SELECT REHABILITATION, LLC ("Select" or "Defendant") and was a member of the United States Army Reserve ("USAR").

5. At all times herein mentioned, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

6. Plaintiff is informed and believes that Defendant is authorized by the California Secretary of State to do business in California and has a principal place of business in the County of Los Angeles.

7. At all times relevant to the causes of action asserted herein, the Defendant has had continuing and systematic contacts with the State of California and is doing business in California, by among other things: maintaining its principal place of business in the state of California, advertising to consumers in the state of California, and recruiting California residents for employment inside the state.

8. Whenever and wherever reference is made to individuals who are not named as a defendant in this action, but were employees/agents of defendant, or any of them herein, Plaintiff is informed and believes that such individuals at all times acted on behalf of defendant named in this action within the scope of their respective employments and agencies.

**VENUE**

9. At all times material to this incident, Defendant was incorporated under the laws of California and is doing business in and throughout the Central District of California.

10. Venue in this case is proper in the Central District of California by virtue of 28 U.S.C. §1391(a)(1)(2) and/or (3), and 38 U.S.C. §4323(c)(2). As an incorporated entity, Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c). Therefore, Defendant is subject to personal jurisdiction in the Central District of California for venue purposes, it is deemed to reside in the Central District of California.

**FACTUAL BACKGROUND**

11. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above, as though set forth at length herein and made a part hereof.

12. The Company extended an offer of full-time employment to Plaintiff, that he accepted, on or about June 25, 2018. He was offered the position of Occupational Therapy Assistant at a pay rate of $37.00 per hour and was to report to work at Windsor Gardens Convalescent Center located at 13922 Cerise Avenue, Hawthorne, California.

13. On June 26, 2018, he received an e-mail from the Company instructing him to complete new hire paperwork and compliance training prior to his first day of employment. The new hire paperwork, training, and other tasks included: online application work, employment history, licensing, several modules of compliance training, drug screening, and a tuberculosis test. Furthermore, in this e-mail, the

Company informed Plaintiff that he would be paid for his time in completing these tasks in his first paycheck.

14. Between June 26, 2018 and July 8, 2018, Plaintiff completed the majority of the new hire requirements, spending more than ten (10) hours to do so. During that time, Plaintiff received orders to active duty with the USAR and timely informed the Company of his military service obligations. When the Company learned of Plaintiff's military service obligations, it informed Plaintiff that it was terminating his new hire processing.

15. To date, the Company has not paid Plaintiff for his time completing the Company's new hire paperwork and trainings, in violation of California's wage and final pay laws. Furthermore, the Company violated Plaintiff's rights under USERRA by stopping his onboarding process and not allowing him to report to work prior to his deployment.

## FIRST CAUSE OF ACTION
### Violations of 38 U.S.C. §4301, *et seq*.

16. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above, as though set forth at length herein and made a part hereof.

17. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

18. Plaintiff's protected status with the USAR was a substantial and motivating factor in Defendant's denial of Plaintiff's benefits of employment without good cause, including but not limited to, discharging him from employment with Defendant.

19. Section 4311 of USERRA protects persons who serve in the uniformed services from acts of discrimination and reprisal; for example, a person who is "a member of, performs, has performed…or has an obligation to perform service in a uniformed service shall not be denied *initial employment*… any benefit of employment by an employer on the basis of that membership…performance of service, or obligation." 38 U.S.C. §4311(a) (italics added).

20. "An employer shall be considered to have engaged in actions prohibited…if the persons' membership, service…or obligation for service in the uniformed services is a motivating factor in the employer's action…" 38 U.S.C. §4311(c)(1).

21. Benefit is defined as:

> The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §4303(2).

22. Defendant knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and discharging him from employment because of his military service obligations.

23. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including and not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

24. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

25. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

///
///
///

## SECOND CAUSE OF ACTION

## Violations of California Military & Veterans Code §394

26. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above, as though set forth at length herein and made a part hereof.

27. California Military & Veterans Code §394 provides that no person shall discriminate against any member of the military or naval forces of the United States because of that membership. Section 394 also provides that no employer or person shall discharge any person from employment because of the performance of any ordered military duty, or prejudice or harm him in any manner in his employment, position, or status by reason of performance of military service or duty.

28. A motivating factor in Plaintiff's termination of employment from the Company was his military service obligations, in violation of §394.

29. Defendant terminated Plaintiff because of his membership in the USAR.

30. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proven at trial.

31. Pursuant to MVC §394(g), Plaintiff requests an award of attorneys' fees against defendant, and each of them.

## THIRD CAUSE OF ACTION

## Violations of California Labor Code §§ 204, 1194.2

32. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above, as though set forth at length herein and made a part hereof.

33. Defendants failed to pay Plaintiff earned wages, as required by the Labor Code and applicable Wage Order. As a result, Plaintiff was not paid at least minimum wage for all hours worked.

34. Pursuant to Labor Code §1194.2(a), Plaintiff is entitled to liquidated damages in the amount of unpaid minimum wages, plus interest.

35. Plaintiff has been deprived of rightfully earned wages as a direct and proximate result of Defendants' failure to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

## FOURTH CAUSE OF ACTION

## Violations of California Labor Code §§ 201, et seq.

36. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above, as though set forth at length herein and made a part hereof.

37. Defendants withheld and failed to pay Plaintiff twice per month on specified days, as required by California Labor Code §204(a).

38. Defendants willfully failed to pay Plaintiff accrued wages due to him promptly upon separation, as required by California Labor Code §201, et seq.

39. For failing to promptly pay Plaintiff all wages due upon separation, Defendants are further liable for statutory penalties pursuant to Labor Code §203.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. §4301, *et seq.*, MVC §394, and LC §§ 201, *et seq.*, and 1194.2;

2. Require that Defendant fully comply with the provisions of USERRA and MVC by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA and MVC described herein;

3. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h), MVC §394(g), and Labor Code §§ 218.5 and 1194;

4. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendant pays compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violations of USERRA;

6. For unpaid wages, in an amount according to proof;

7. For liquidated damages for unpaid minimum wages pursuant to Labor Code §1194.2, in an amount according to proof;

8. For waiting time penalties pursuant to Labor Code §203, in an amount according to proof;

9. Grant an award for costs of suit incurred; and,

10. Grant such other and further relief as may be just, and proper and which Plaintiff may be entitled to under all applicable laws.

Dated:  December 11, 2020

Respectfully Submitted,
PILOT LAW, P.C.
MATCHA LAW

By: /s/ *Brian J. Lawler*_____
BRIAN J. LAWLER
STEPHEN MATCHA
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Dated:  December 11, 2020

Respectfully Submitted,
PILOT LAW, P.C.
MATCHA LAW

By: /s/ *Brian J. Lawler*_____
BRIAN J. LAWLER
STEPHEN MATCHA
Attorneys for Plaintiff